UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE CEDOTAL, ET AL                CIVIL ACTION NO.

VERSUS                                 22-429-SDD-EWD

DRIVE NEW JERSEY
INSURANCE COMPANY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 8, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE CEDOTAL, ET AL                          CIVIL ACTION NO.

VERSUS                                            22-429-SDD-EWD

DRIVE NEW JERSEY
INSURANCE COMPANY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by Plaintiffs Theodore and Melody Cedotal ("Plaintiffs").[1] The Motion asserts that the Notice of Removal is untimely. In response to the Motion to Remand, Defendants Drive New Jersey Insurance Company ("Drive New Jersey"), JPM Berisha LLC ("JPM"), and Jetson Berisha ("Berisha") (collectively "Defendants") "concede to the arguments" in Plaintiffs' Motion Remand and "consent to remand."[2] It is recommended that Plaintiffs' Motion to Remand be granted, and that this matter be remanded to the Twenty-First Judicial District Court, Livingston Parish, State of Louisiana.

On February 2, 2022, Plaintiffs filed suit against Defendants in Louisiana state court related to injuries allegedly sustained in a motor vehicle accident on March 9, 2021.[3] On June 28, 2022, Defendants filed their Notice of Removal, which alleges this Court's subject matter jurisdiction based on 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the matter is between citizens of different states.[4]

The relevant time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

---

[1] R. Doc. 3.
[2] R. Doc. 5.
[3] R. Doc. 1-6, pp. 1-5.
[4] R. Doc. 1, ¶ 7.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[5]

With respect to the 30-day period from the defendant's receipt of the initial pleading, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'"[6] If a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."[7] Accordingly, a plaintiff's allegation in his petition that his damages are likely to exceed $75,000, exclusive of interest and costs, has been held to affirmatively reveal on its face that the plaintiff is seeking the federal minimum jurisdictional

---

[5] *Elkins v. Bradshaw*, No. 18-1035, 2019 WL 2096126, at *2 (M.D. La. Apr. 24, 2019), report and recommendation adopted, No. 18-1035, 2019 WL 2092564 (M.D. La. May 13, 2019), citing 28 U.S.C. § 1446(b)(1) and (b)(3).

[6] *Elkins*, 2019 WL 2096126, at *2, citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. However, Article 893 of the Louisiana Code of Civil Procedure contemplates the pleading of jurisdictional damage statements, *i.e.*, "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required."

[7] *Elkins*, 2019 WL 2096126, at *2, citing *Chapman*, 969 F.2d at 163 and noting at n. 12: "Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts. See, La. C.C.P. art. 893. In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims to trigger the time limit for filing the notice of removal. In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant confusion"). See, *Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

amount sufficient to trigger the 30-day removal clock in 28 U.S.C. § 1446(b)(1).[8] The removing party bears the burden of showing, if challenged, that the removal was procedurally proper.[9]

Here, the Petition for Damages alleges that Plaintiffs are "domiciled in Livingston Parish, Louisiana." The Petition also alleges that Drive New Jersey and JPM are foreign business entities, not licensed to do business in Louisiana and that Berisha is domiciled in New Jersey. As to amount in controversy, the Petition contains the following statement: "Plaintiffs stipulate and judicially admit that the amount in controversy does exceed $75,000, exclusive of interests and costs.[10]

The Motion to Remand, which Defendants do not oppose, states that Defendants were served on February 10, 2022.[11] The allegations in the Petition for Damages were sufficient to start the 30-day removal clock at that time. Because the Notice of Removal was not filed until June 28, 2022, removal was untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Remand, filed by Plaintiffs Theodore and Melody Cedotal, be **GRANTED**, and that this matter be **REMANDED** to the Twenty-First Judicial District Court, Livingston Parish, State of Louisiana as the Notice of Removal was untimely under 28 U.S.C. § 1446.

Signed in Baton Rouge, Louisiana, on November 8, 2022.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] "There is no doubt that, if Plaintiff had put a statement in the Petition that his damages exceeded the federal jurisdictional amount, this statement would have immediately triggered the time period for removal." *Pesch v. Progressive Nw. Ins. Co.*, No. 20-288, 2021 WL 1200889, at *10 (M.D. La. Feb. 23, 2021), report and recommendation adopted, No. 20-288, 2021 WL 1187078 (M.D. La. Mar. 29, 2021).
[9] *Scott v. Office Depot, Inc.*, No. 14-791, 2015 WL 2137458, at *3 (M.D. La. May 7, 2015), citing *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002).
[10] R. Doc. 1-6, p. 3, ¶ 11.
[11] R. Doc. 3-1, p. 2 and R. Docs. 3-3, 3-4 and 3-5.